UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAE ANDERSON BULLARD,
and ROCKWOOD W. BULLARD, III,

        Plaintiffs,

                                                                       Case No. 09-CV-12839
v.                                                     HON. GEORGE CARAM STEEH

INDYMAC BANK FSB, a federal
banking corporation, *et al.*,

        Defendants.
_____/

ORDER DENYING MOTION FOR STAY PENDING APPEAL
WITHOUT POSTING BOND (DOC. # 74)

        Plaintiffs Rae and Rockwood Bullard filed this mortgage foreclosure case in 2009. Ultimately, in September 2012, the court issued an order granting defendants' motion for summary judgment and dismissing all of plaintiffs' claims with prejudice. Subsequently, plaintiffs filed a motion to stay pending appeal without bond. The motion has been fully briefed and the court finds that oral argument would not assist in the disposition of the matter. Accordingly, the court orders its submission on the briefs in accordance with E.D. Mich. LR 5.1(e)(2).

        The Bullards argue for a stay of enforcement of the judgment under Fed. R. Civ. P. 62(d). They assert that this is required by the applicable standard, which employs the same factors used to decide a motion for preliminary injunction, citing Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991). Accordingly, they assert that they have a likelihood of success; that they will be

irreparably injured if the court denies the stay; that granting the stay will not harm the defendants; and that granting the stay is in the public interest.

The Bullards filed a notice of appeal in this action in October 2012. As defendants point out, the appeal of this case and the mortgage foreclosure process will likely take similar periods of time, or at least overlap for numerous months. If, as defendants note, the appeal has not been decided by the time the statutory redemption period (which defendants assert is one year in this case) is coming to a close, the Bullards may seek a stay of the eviction action at that time. Moreover, the court agrees with defendants that there is little likelihood of success in the Bullards' appeal, and is not persuaded that a balancing of the factors should result in the grant of the requested stay.

Because the court does not find a stay of foreclosure proceedings to be appropriate in this case, it declines to address the issue of a bond. Plaintiffs' motion is DENIED.

**IT IS SO ORDERED**.

Dated: January 30, 2013

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 30, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk